RICHARD L. HOLMES, Retired Appellate Judge.
This case involves the efforts of Jerry Bronson and Jinny B. Watford, d/b/a Bronson Advertising Company and Public Service Display Company (hereinafter collectively referred to as Bronson), to collect the balance owed on two contracts which Bronson had entered into with Morgan Broadcasting Limited Partnership (Morgan Broadcasting Ltd.).
The case was tried before the trial court without a jury. The trial court entered a judgment in favor of Bronson and against Joerg Klebe, CVC Capital Corporation, CVC Capital Management Corporation, Sunrise Broadcasting Corporation, Transtel Communications Industries, Inc. (hereinafter collectively referred to as CVC), Wesley Morgan (Morgan), and Morgan Broadcasting Ltd. in the amount of $23,050 and costs.
CVC appeals. This case is before this court pursuant to Ala.Code 1975 § 12-2-7(6). We affirm.
In this case the trial court, sitting without a jury, heard the testimony and entered a judgment in favor of Bronson. This judgment will be affirmed on appeal if there is credible testimony to support the judgment and if the judgment is not obviously wrong or manifestly unjust. Charles Israel Chevrolet, Inc. v. Walter E. Heller & Co., 476 So.2d 71 (Ala.1985).
When we view the record with the attendant presumptions accorded the trial judge in an ore tenus proceeding, the following is revealed: Joerg Klebe is the president of the following entities: Transtel Communications Industries, Inc., CVC Capital Management Corporation, CVC Capital Corporation, and Sunrise Broadcasting Corporation. Klebe *142 owns all the stock in Transtel Communications Industries, and Transtel Communications Industries owns all the stock in CVC Capital Management Corporation.
Wesley Morgan was the general manager of the radio stations acquired by Morgan Broadcasting Ltd. Wesley Morgan was Morgan Broadcasting, Inc., and Morgan Broadcasting, Inc., was the general partner in Morgan Broadcasting Ltd.
CVC Capital Corporation primarily finances the acquisition of radio and television stations and television productions. CVC Capital Corporation provided the financing for the acquisition of two radio stations by Morgan Broadcasting Ltd. For the majority of the funds loaned to Morgan Broadcasting Ltd., CVC Capital Corporation obtained a promissory note and security agreement from Morgan Broadcasting Ltd. as to the assets of Morgan Broadcasting Ltd. CVC Capital Corporation was given a limited partnership in Morgan Broadcasting Ltd. for the balance of the funds loaned to Morgan Broadcasting Ltd.
When Morgan Broadcasting Ltd. defaulted on the terms of the promissory note, CVC Capital Corporation enforced its rights under the security agreement and took ownership in the assets of Morgan Broadcasting Ltd. Subsequently, CVC Capital Corporation transferred these assets to Sunrise Broadcasting Corporation. All the stock in Sunrise Broadcasting Corporation is owned by CVC Capital Corporation.
Wesley Morgan, on behalf of Morgan Broadcasting Ltd., entered into contracts with Bronson to lease advertising space on 20 public service benches and 100 beautification signs for a period of one year. The terms of the contracts provided that 24 monthly payments of $1,000 were to be made to Bronson. The record reveals that Morgan Broadcasting Ltd. paid a total of $950 to Bronson.
Tina Henderson, who was the sales manager and business manager for Morgan Broadcasting Ltd. between January 1990 and March 1990, testified at the hearing. She stated that it was her understanding that Morgan had to get approval from Klebe to act and that Morgan was not allowed to make big decisions by himself. Henderson further testified that, as far as she knew, Morgan was always in touch with Klebe. Henderson’s testimony also revealed that it was her understanding that Klebe was unhappy with how Morgan was running the station and that Klebe had sent Morgan back to New York and that he had taken over running the station.
Jinny Watford testified at the hearing. She stated that Morgan told her at the time she was presenting the proposal to him that he had to discuss it with the “big boss.” She further testified that when she met with him to find out why payment had not been made, she asked if their work was unsatisfactory and if that was why payment was being withheld. Morgan told her that Klebe had seen the work and had liked it.
CVC raises several issues on appeal. In its first issue, CVC contends that the trial court misconstrued the Uniform Commercial Code in requiring CVC Capital Corporation to give notice to creditors, including Bronson, of a bulk transfer.
In reading the judgment of the trial court, we note that the trial court based its decision upon the fact that Klebe was CVC, that he had control over the radio stations owned by Morgan Broadcasting Ltd., and that he was a beneficiary of the contract with Bronson. Consequently, it cannot be said that the trial court ruled that the notice provisions were not complied with. In other words, we need not conclude that this was the basis for the judgment of the trial court in favor of Bronson.
Another issue raised by CVC is that the trial court erred in rendering a judgment against parties which were never served because these parties were added by amendment after the trial. In our review of the record, we note that Klebe and CVC Capital Corporation were not named party defendants at the time of the trial. However, at the trial, counsel for Bronson made a motion to amend the pleadings to add these parties. He then filed a written motion.
The deposition of Klebe was introduced into evidence. The attorney who represented “every defendant except Wesley Morgan” *143 was present at Klebe’s deposition. It appears to this court that all the defendants were represented by counsel and that there was no prejudice either to Klebe or to CVC Capital Corporation to allow the amendment. It also appears to this court that this case was tried on the basis that all the defendants were interconnected and that all received a benefit from the contracts with Bronson. Consequently, it appears that Rule 15, Alabama Rules of Civil Procedure, governs this particular situation and that there was no error on the part of the trial court in rendering a judgment against Klebe and CVC Capital Corporation.
In its four remaining issues, CVC contends, in effect, that the trial court committed reversible error because it says Klebe should not be found to be liable for various reasons, and that there was no evidence to support the determination of the trial court. As previously noted, the trial court based its determination upon the fact that Klebe, as CVC, was the beneficiary of the contracts with Bronson. Our review of the record revealed that there was evidence, as set out above, to support the determination of the trial court.
In light of the above, this case is due to be, and is, affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.